IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FRANK C. SOMMER III, an individual, | ) ) ) |
| Plaintiff, | ) 8:14CV129 ) ) |
| V. | ) ) FINDINGS AND |
| EATON (US) LLC, an Ohio limited liability company, and EATON CORPORATION, an Ohio Corporation, | ) RECOMMENDATION ) ) ) ) |
| Defendants. | ) ) |

This mater is before the Court on Defendants' Motion for More Definite Statement ([filing 7](filing 7)), Plaintiff's Motion to Remand ([filing 13](filing 13)), and Plaintiff's Motion to Strike ([filing 17](filing 17)). For the reasons explained below, the undersigned will recommend to Chief United States District Judge Laurie Smith Camp that each of the motions be denied.

## BACKGROUND

Plaintiff filed this suit in the District Court of Douglas County, Nebraska on March 19, 2014. ([Filing 1](Filing 1).) Plaintiff's Complaint alleges that he was employed as the president of E.A. Pedersen Co. until Pedersen was acquired by Defendant Eaton in December, 2011. At the time of the acquisition, Eaton agreed to hire Plaintiff. (*Id*.) Plaintiff asserts that during the Pedersen acquisition, Eaton represented that for those Pedersen employees who transitioned to Eaton, Eaton would use the Pedersen "hire" date, and not the Eaton "hire" date, when determining those employees' eligibility for Eaton's employee benefits. (*Id*.) Plaintiff alleges that when he retired from Eaton, he was told he was ineligible for a monetary contribution used to assist in paying for medical coverage under the Eaton Retiree Medical Plan (the "Plan") because he was not hired by Eaton prior to January 1, 2002. (*Id*.)

Plaintiff's Complaint asks that the Court "declare his eligibility for the Contribution and that he is eligible with a 'hire' date of May 27, 1975." (*Id*.) Plaintiff further requests

that the Court "declare the amount of the Contribution to which he is eligible, and to require Defendant to make the Contribution on his behalf while he is enrolled in the Eaton Retiree Medical plan." (*Id*.) The Complaint does not reference any statute or regulation, nor does it express a specific cause of action.

Defendants removed the case to this Court on April 18, 2014, asserting that Plaintiff's claims, while unclear, fall within the civil enforcement provisions of Employee Retirement Income Security Act of 1974 ("ERISA"). (*Id*.) According to Defendants, the federal court has jurisdiction because any state law claims are completely preempted by ERISA. On April 25, 2014, Defendants filed a motion for more definite statement under Fed. R. Civ. P. 12(e), arguing that Defendant cannot prepare a proper response because the Complaint does not identify or contain any elements of a specific cause of action. (Filing 7.)

Plaintiff filed a motion to remand on May 6, 2014, arguing that this Court lacks jurisdiction because he is not asserting a claim for relief under ERISA. (Filing 13.) Later, Plaintiff filed a motion to strike exhibits offered by Defendants in opposition to Plaintiff's motion to remand. (Filing 17.)

## DISCUSSION

### I.    Motion to Remand & Motion to Strike

Plaintiff asserts that this Court lacks jurisdiction because his Complaint does not assert a claim under ERISA. Plaintiff maintains that his Complaint only seeks a determination of rights under a contract of employment.

"A defendant may remove a state law claim to federal court when the federal court would have had original jurisdiction if the suit originally had been filed there." *Phipps v. F.D.I.C.*, 417 F.3d 1006, 1010 (8th Cir. 2005) (citation omitted). "The burden of establishing that a cause of action lies within the limited jurisdiction of the federal courts is on the party asserting jurisdiction." *Arkansas Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir. 2009). Federal courts are to resolve all doubts as to the propriety of exercising federal jurisdiction in favor of remand. *Dahl v. R.J. Reynolds*

2

*Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007).

"Removal based on federal question jurisdiction is usually governed by the 'well-pleaded complaint' rule." *Phipps*, 417 F.3d at 1010 (citation omitted). The well-pleaded complaint rule "provides that federal jurisdiction may be invoked only where a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id*. This rule "makes the plaintiff the master of the claim, allowing the plaintiff to avoid federal jurisdiction by exclusive reliance on state law." *Id*. (quotation omitted).

The "complete-preemption" doctrine operates as an exception to the well-pleaded complaint rule. "When a federal statute wholly displaces the state-law cause of action through complete pre-emption, the state claim can be removed." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207-08 (2004) (internal quotation omitted). "This is so because when the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law. ERISA is one of these statutes." *Id*. Therefore, [a]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is . . . pre-empted." *Id*. at 209. ERISA preemption is expansive and state law may relate to an employee benefit plan "even if the state law was not designed to affect benefit plans and its effect on such plans is incidental." *Johnson v. Paul Revere Life Ins. Co.*, 241 F.3d 623, 629-30 (8th Cir. 2001) (citation omitted).

Plaintiff's Complaint alleges that Plaintiff is entitled to a contribution to assist in paying for the cost of medical coverage under the Eaton Retiree Medical Plan. Plaintiff maintains that he was promised service credit for his years with Pedersen and that under the terms of the Plan, such service credit would entitle him to the contribution to pay for the coverage under the Plan. In his prayer for relief, Plaintiff asks that the Court declare his eligibility for the contribution and declare the amount of the contribution to which he is eligible.

At its heart, Plaintiff's claim is for the improper denial of benefits under an ERISA

plan.[1] Plaintiff's claim relates directly to Defendants' alleged misrepresentations or unlawful application of the Plan. ERISA explicitly provides for the same relief Plaintiff seeks – the recovery of benefits due under the terms of the Plan and the enforcement of rights under the Plan. *See* 29 U.S.C. § 1132(a)(1)(B). Plaintiff cannot use a state breach of contract claim as "a separate vehicle to assert a claim for benefits outside . . . ERISA's remedial scheme." *Aetna*, 542 U.S. at 217-18. *See Johnson v. U.S. Bancorp.*, 387 F.3d 939, 942 (8th Cir. 2004) (finding that state law claim for breach of contract was preempted by ERISA for plaintiff claiming former employer wrongfully withheld payment of benefits). Because Plaintiff's state law claims are preempted, Plaintiff's motion to remand should be denied.

Plaintiff maintains that a declaration and summary plan description offered by Defendants in opposition to the motion to remand should be stricken because the Court should not consider post-removal affidavits in evaluating whether federal question jurisdiction exists. The Court finds this argument unpersuasive. The Eighth Circuit Court of Appeals has recognized that post-removal affidavits addressing facts existing at the time of removal may be considered in connection with a motion to remand. *See Raskas v. Johnson & Johnson*, 719 F.3d 884, 888 (8th Cir. 2013). Also, more specifically, courts have expressly found that review of post-removal evidence is proper in evaluating whether federal question jurisdiction exists. *See Gover v. Speedway Super America, LLC*, 254 F. Supp.2d 695, 699 (S.D. Ohio 2002) (stating that when evaluating whether federal question jurisdiction exists, district courts have wide discretion to allow affidavits to resolve disputed jurisdictional facts). Plaintiff's motion to strike should be denied.

## II.     Motion for More Definite Statement

Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12.

---

[1] Plaintiff does not appear to directly dispute Defendants' assertion that the Plan is governed by ERISA. The Court has reviewed the Plan's summary description and finds that this document supports Defendants' assertion that the terms of the Plan are subject to ERISA.

However, these motions are rarely granted "in light of the liberal notice pleading standard of Federal Rule of Civil Procedure 8 and the liberal discovery available to both sides." [Lemp v. Ocwen Loan Servicing, LLC, No. 8:08CV35, 2008 WL 2276935, *2 (D. Neb. May 30, 2008)](#) (citation omitted). Federal Rule of Civil Procedure 8 only requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." [Fed. R. Civ. P. 8](#).

The Court finds that the allegations in the Complaint are sufficient to inform Defendants of the claims asserted against them. Defendants' notice of removal and briefing on Plaintiff's motion to remand makes it apparent that Defendants understand the nature of the claims against them. See [Vickery v. United Medical Resources, Inc., 43 F.3d 1208 (8th Cir. 1994)](#) (finding that despite the plaintiff's failure to cite to ERISA, the allegations in the complaint were sufficient to notify the defendant of the claims asserted against it, particularly where the defendant had specifically cited ERISA when it sought to remove the case to federal court). Defendants' motion for a more definite statement should be denied.

Accordingly,

**IT IS HEREBY** recommended to Chief United States District Judge Laurie Smith Camp that Defendants' Motion for More Definite Statement ([filing 7](#)), Plaintiff's Motion to Remand ([filing 13](#)), and Plaintiff's Motion to Strike ([filing 17](#)) be denied.

A party may object to a magistrate judge's order by filing an objection within fourteen (14) days after being served with a copy of the findings and recommendation. Failure to timely object may constitute a waiver of any objection.

**DATED July 21, 2014.**

                                      **BY THE COURT:**

                                      **S/ F.A. Gossett**
                                      **United States Magistrate Judge**